**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X

ANGELA MARIE HALL,

Plaintiff,

-against-

MARTIN O'MALLEY,

Defendant.

----------------------------------------------------------------X

**24-CV-03172 (MMG) (VF)**

**REPORT & RECOMMENDATION**

**VALERIE FIGUEREDO, United States Magistrate Judge**

**TO: THE HONORABLE MARGARET M. GARNETT, United States District Judge.**

On April 25, 2024, Plaintiff Angela Marie Hall ("Plaintiff") filed the instant action against Martin O'Malley, the Commissioner of Social Security ("the Commissioner"), seeking an award of benefits pursuant to 42 U.S.C. § 405(g). See ECF No. 1. On November 20, 2024, the case was remanded for further administrative proceedings on consent of the parties. ECF No. 15. On January 21, 2026, Plaintiff moved for attorney's fees under 42 U.S.C. § 406(b). ECF No. 19. For the reasons discussed herein, I respectfully recommend that Plaintiff's motion for attorney's fees be **GRANTED**, and counsel be awarded the sum of $29,349. I further recommend that any such award be paid out of Plaintiff's past-due benefits and, upon receipt of this sum, Plaintiff's counsel be required to refund to Plaintiff the previously awarded Equal Access to Justice Act ("EAJA") fees of $7,234.27.

## BACKGROUND

On April 20, 2020, Plaintiff filed an application for Supplemental Security Income benefits, and on May 1, 2020, Plaintiff filed an application for Social Security Disability Benefits under the Social Security Act for disabilities that began on October 3, 2018. ECF No. 1 at ¶¶ 4-6. Plaintiff's applications were denied, and she timely requested a hearing before an administrative

law judge ("ALJ"). Id. at ¶ 7. On January 25, 2023, Plaintiff's application was denied following a hearing before an ALJ. Id. at ¶¶ 8-9. On February 26, 2024, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision. Id. at ¶¶ 10-11. The denial made the ALJ's decision a "final decision" of the Commissioner that was eligible for judicial review pursuant to 42 U.S.C. § 405(b).

On April 25, 2024, Plaintiff filed a complaint for an award of benefits pursuant to 42 U.S.C. § 405(g). See ECF No. 1. On September 23, 2024, the parties filed a stipulation to remand the case for further proceedings before the Social Security Administration ("SSA"). ECF No. 14. On November 20, 2024, the Honorable Margaret M. Garnett entered the parties' stipulation. ECF No. 15. On December 4, 2024, the parties filed a proposed stipulation awarding Plaintiff $7,234.27 in fees under the EAJA, which Judge Garnett endorsed the next day. See ECF Nos. 17, 18.

On January 21, 2026, Plaintiff filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b). See ECF Nos. 19-21. The Commissioner filed a response on February 3, 2026. ECF No. 22. The Commissioner "neither supports nor opposes counsel's request for attorney's fees under 42 U.S.C. § 406(b)." Id. at 1.[1] However, the Commissioner askes that if the Court authorizes a § 406(b) award, the Court "direct that Plaintiff's counsel reimburse Plaintiff the fees he previously received under the EAJA[.]" Id. at 2. Plaintiff filed a reply in further support of the motion on February 9, 2026. ECF No. 23. The motion was referred to the undersigned on February 19, 2026. ECF No. 24.

[1] The page numbers referenced herein for citations to the electronic docket ("ECF") are to the electronically generated pagination in those documents.

In support of the motion for attorney's fees, Plaintiff's counsel submitted a copy of the retainer agreements in the federal case (ECF No. 21-1 at 2-3) and for the administrative proceeding (id. at 29-30) (collectively, the "Retainer Agreements"); counsel's billing records (id. at 5); the SSA's award of benefits (id. at 7-12); the remand order from the Appeals Council (id. at 14-18); and the ALJ's decision finding Plaintiff disabled (id. at 20-27). Plaintiff's counsel acknowledges that, if they are awarded fees, Plaintiff will be refunded the previously approved EAJA fees. ECF No. 20 at 4-5. The Retainer Agreements, both signed by Plaintiff, provide that counsel could move before the federal court for fees in the amount of 25% of the past-due benefits awarded to Plaintiff. ECF No. 21-1 at 2-3, 29-30.

## LEGAL STANDARD

Section 406(b) of the Social Security Act states that when a disability claimant succeeds in federal court, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A). "[W]here there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." Fields v. Kijakazi, 24 F.4th 845, 852-53 (2d Cir. 2022) (citation omitted); see also Gisbrecht v. Barnhart, 535 U.S. 789, 807-08 (2002) (explaining that "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results"). "When conducting its analysis, the court's primary inquiry should be on the reasonableness of the contingency agreement in the context of the particular case and not merely to rubber stamp the contingent fee agreement." Caraballo v. Comm'r of Soc. Sec., No. 17-CV-7205 (NSR) (LMS), 2021 WL 4949217, at *2 (S.D.N.Y. Oct. 22, 2021).

To assess the reasonableness of a contingency fee, a court must first "determine whether the contingency percentage is within the 25% cap and . . . whether there has been fraud or overreaching in making the agreement." Fields, 24 F.4th at 853 (internal quotation marks and citation omitted). A court must then consider the following factors to determine the reasonableness of a requested award: (1) whether the requested fee is out of line with the "character of the representation and the results the representative achieved," (2) whether "the attorney is responsible for delay, lest the attorney profit from the accumulation of benefits during a delay that the attorney caused," and (3) "if the benefits are large in comparison to the amount of time counsel spent on the case, the so-called windfall factor." Id. (internal quotation marks, alteration and citation omitted); see also Valle v. Colvin, No. 13-CV-2876 (JPO), 2019 WL 2118841, at *2 (S.D.N.Y. May 15, 2019) (citing Blizzard v. Astrue, 496 F. Supp. 2d 320, 322 (S.D.N.Y. 2007)).

**DISCUSSION**

Plaintiff seeks a fee award of $29,349, or 25% of Plaintiff's total award of $117,396, based on the contingency fee agreements between Plaintiff and counsel that permitted counsel to receive 25% of past-due benefits awarded to Plaintiff if successful on her claim for benefits. See ECF No. 20 at 3. For the reasons explained below, I recommend approval of the requested fee award.

First, the $29,349 contingency fee requested is equivalent to the 25% statutory cap, see 42 U.S.C. § 406(b)(1)(A), and there is no evidence of fraud or overreaching in the negotiation of the Retainer Agreements. See ECF No. 21-1 at 2-3, 29-30; see e.g., Hennelly v. Kijakazi, No. 20-CV-4786 (JGK), 2023 WL 3816961, at *2 (S.D.N.Y. June 5, 2023) (finding that absence of

evidence of fraud or overreaching is sufficient to satisfy this threshold inquiry); Casiano v. Kijakazi, No. 19-CV-9732 (JGK), 2023 WL 3760941, at *2 (S.D.N.Y. June 1, 2023) (same).

Second, the requested fee is in line with the "character of the representation and the results the representation achieved." Valle, 2019 WL 2118841, at *2 (citation omitted). Here, counsel litigated this matter to a successful result for Plaintiff, with the parties agreeing to remand the case after Plaintiff filed her motion for judgment on the pleadings, and the SSA granting Plaintiff an award of $117,396 in past-due benefits. ECF No. 20 at 3; ECF No. 21-1 at 20 (notice of favorable decision); id. at 7-12 (award). "Plaintiff's counsel was successful in achieving an award of benefits and nothing in the record suggests any flaw in the character of the representation." Jones v. Comm'r of Soc. Sec., No. 21-CV-4156 (SDA), 2023 WL 7042641, at *1 (S.D.N.Y. Oct. 26, 2023).

Third, there is no indication in the record of any purposeful delay created by counsel for the purpose of increasing the total benefits award. Brockington v. Comm'r of Soc. Sec., No. 21-CV-2178 (LGS) (VF), 2024 WL 3639219, at *3 (S.D.N.Y. June 28, 2024), adopted by, 2024 WL 3639192 (S.D.N.Y. Aug. 2, 2024). Counsel only requested one 30-day extension of time in this action for filing the motion for judgment on the pleadings due to "an unexpected increase in counsel's case load," and counsel still filed the brief three weeks in advance of the requested deadline. ECF Nos. 8, 10; Rivera v. Comm'r of Soc. Sec., No. 20-CV-8444 (AEK), 2024 WL 4764481, at *3 (S.D.N.Y. Nov. 13, 2024) ("Though [plaintiff's counsel] did request one 60-day extension of time to file Plaintiff's motion for judgment on the pleadings, he provided a valid justification for the application [ ], and there is no reason to believe that the extension was due to any lack of diligence.") (internal citation omitted).

The only remaining question is whether an award of $29,349 would constitute a windfall to counsel. Stated differently, the question is whether the benefits to be awarded to counsel are "large in comparison to the amount of time [counsel] spent on the case." Gokey v. Berryhill, No. 18-CV-658 (RA), 2021 WL 5014576, at *2 (S.D.N.Y. Oct. 27, 2021) (internal quotation marks and citation omitted). In assessing whether there is a windfall, "courts must consider more than the de facto hourly rate," because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." Fields, 24 F.4th at 854. Specifically, courts consider (1) "the ability and expertise of the lawyers and whether they were particularly efficient"; (2) "the nature and length of the professional relationship with the claimant —including any representation at the agency level"; (3) "the satisfaction of the disabled claimant"; and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." Id. at 854-55. In addition, "courts in this Circuit have generally refrained from finding a windfall based on the resulting hourly rate when the contingent fee falls within the 25 percent boundary." Rowell v. Astrue, No. 05-CV-1592 (CBA) (JMA), 2008 WL 2901602, at *5 (E.D.N.Y. July 28, 2008). Considering these factors, there is no evidence that the requested fee award would be a windfall to counsel.

Counsel represented Plaintiff in federal court, as well as during the second administrative proceeding.[2] ECF No. 21 at ¶¶ 7, 9; ECF No. 7 at 245-46 (notice of appeal from Binder & Binder). Counsel performed 29.8 hours of work in the federal matter (ECF No. 21-1 at 5), which yields a de facto hourly rate of $984.87. A de facto hourly rate of $984.87 is well within the range of hourly rates approved by courts in this District. See Marden v. Comm'r of Soc. Sec.,

[2] Plaintiff proceeded pro se during her first administrative proceeding. See ECF No. 7 at 42; ECF No. 10 at 2.

No. 22-CV-10735 (GWG), 2024 WL 4499312, at *3 (S.D.N.Y. Oct. 16, 2024) (approving de facto hourly rate of $1,201.84 and collecting cases approving rates of $1,079.72 and $1,009.11).

1. *Counsel's ability and expertise*

Counsel submitted billing records which show that Charles E. Binder performed 4.7 hours of work and Daniel S. Jones performed 25.1 hours of work in the federal matter. ECF No. 21-1 at 5. Both are experienced practitioners in litigation related to social security benefits.

Mr. Binder attests that he has "handled thousands of administrative hearings and federal appeals" and works "almost exclusively on Social Security disability cases both at the administrative and federal court level[.]" ECF No. 21 at ¶ 10. Courts in this District have recognized Mr. Binder's experience in litigating social security matters. See, e.g., Rachelle J. v. Comm'r of Soc. Sec., No. 21-CV-05058 (BCM), 2026 WL 820529, at *3 (S.D.N.Y. Mar. 25, 2026) ("Attorney Binder is an experienced social security litigator who has spent many years working almost exclusively on Social Security disability cases both at the administrative and federal court level."); Morales v. Comm'r of Soc. Sec., No. 20-CV-10568 (KMK) (VR), 2023 WL 7168750, at *3 (S.D.N.Y. Oct. 5, 2023), adopted by, 2023 WL 7166094 (S.D.N.Y. Oct. 31, 2023) ("Charles Binder [is an] experienced practitioner[ ] in Social Security law who focus[es] [his] practice on Social Security disability cases and ha[s] handled thousands of such cases.").

Mr. Jones is a graduate of New York Law School and has been admitted to the New Jersey and New York bars since 2010. ECF No. 21 at ¶ 8. He has practiced "exclusively in the area of federal court appeals of Social Security disability claims for fifteen years." Id. Mr. Jones' experience in social security appeals has also been recognized by courts in this District. See, e.g., Mannouris v. Comm'r of Soc. Sec., No. 20-CV-9790 (AT) (BCM), 2023 WL 9118792, at *3 (S.D.N.Y. Dec. 22, 2023), adopted by, 2024 WL 81851 (S.D.N.Y. Jan. 8, 2024) ("Attorney Jones

is an experienced litigator with over a decade of experience exclusively in the area of federal court appeals of Social Security disability claims.") (internal quotation marks and citation omitted); Ferrer v. Comm'r of Soc. Sec., No. 20-CV-3428 (VR), 2024 WL 489645, at *2 (S.D.N.Y. Feb. 8, 2024) ("Plaintiff's attorneys Daniel Jones and Charles Binder are experienced practitioners in Social Security law who focus their practice on Social Security disability cases and have handled thousands of such cases.").

Turning to the hours expended on this case, the 29.8 hours spent by counsel in reviewing the administrative record and preparing the memorandum of law in support of judgment on the pleadings is well within the amount of hours typically approved by courts in this Circuit for the type of work performed here. See Madigan v. Kijakazi, No. 19-CV-5725 (AEK), 2023 WL 4348524, at *4 (S.D.N.Y. July 5, 2023) ("Courts within the Second Circuit generally and routinely endorse 20-40 hours of work performed by counsel in Social Security disability cases."); Morrison v. Saul, No. 16-CV-4168 (OTW), 2019 WL 6915954, at *2 (S.D.N.Y. Dec. 19, 2019) (expending 23.3 hours to obtain a remand was "within the range of reasonableness" for the work performed).

In addition, the work by Plaintiff's counsel led to a successful outcome in that they obtained a large recovery of past-due benefits for Plaintiff. The $984.87 de facto hourly rate "must be viewed in this context" since "[i]t would be foolish to punish a firm for its efficiency and thereby encourage inefficiency." See Fields, 24 F.4th at 854. The 29.8 hours includes the time spent reviewing the 1,142-page administrative record, conducting research, and drafting the 26-page opening memorandum of law. See ECF Nos. 7, 10. This is an efficient use of time and "the product of competent and efficient advocacy, which should not be held against counsel in

their request for fees." Valle, 2019 WL 2118841, at *3. Therefore, this first factor weighs in favor of the requested fee amount.

2. *The nature and length of counsel's relationship with Plaintiff*

Counsel began representing Plaintiff when the case was remanded for the second administrative proceeding, around February 2023. See ECF No. 7 at 250-52; ECF No. 21-1 at 29-30. Where an attorney represents a plaintiff at the administrative and federal levels, it indicates a "more extensive relationship" that may have allowed counsel to "advocate for Plaintiff more efficiently and effectively before this Court." Noemi C. v. Comm'r of Soc. Sec., No. 24-CV-1068 (SLC), 2026 WL 1067107, at *3 (S.D.N.Y. Apr. 20, 2026); see also Stewart v. Berryhill, No. 19-CV-1287 (KAM), 2025 WL 101594, at *3 (E.D.N.Y. Jan. 15, 2025) (approving 30.1 hours of work for Charles Binder and David Jones where counsel represented plaintiff at the administrative and federal levels). This factor also weighs in favor of the fee request.

3. *Plaintiff's satisfaction with counsel's representation*

Counsel achieved a favorable outcome for Plaintiff, with an award of $117,396 in past-due benefits. See ECF No. 20 at 3; ECF No. 21-1 at 7-8. Plaintiff received a favorable result due to counsel's efforts, as Plaintiff was awarded benefits for the entirety of the alleged period of disability. See id. This factor therefore weighs in favor of the fee request. See, e.g., Fields, 24 F.4th at 855 (explaining that claimant achieved a favorable decision from the SSA in the form of a six-figure award of past-due benefits as well as ongoing monthly benefit, supporting a de facto hourly rate of $1,556.98).

4. *The uncertainty of Plaintiff's case*

In contingency-fee cases like this one "payment . . . is inevitably uncertain, and any reasonable fee award must take account of that risk," which is borne by the attorney. Velez v. Comm'r of Soc. Sec., No. 18-CV-9754 (AEK), 2021 WL 2310517, at *4 (S.D.N.Y. June 7, 2021) (quoting Nieves v. Colon, No. 13-CV-1439 (WHP) (GWG), 2017 WL 6596613, at *2 (S.D.N.Y. Dec. 26, 2017)) (alterations in original); see also Devenish v. Astrue, 85 F. Supp. 3d 634, 638 (E.D.N.Y. 2015) (collecting cases); Warren v. Astrue, No. 06-CV-2933 (CBA), 2011 WL 5402493, at *2 (E.D.N.Y. Nov. 7, 2011) ("[A]lthough $25,000.00 is a substantial sum for 38 hours of work, it does not constitute a windfall when balanced against the excellent result counsel obtained and the risk of loss inherent in the retainer's contingency arrangement."). Plaintiff signed the retainer agreement for the administrative proceeding on February 14, 2023 (ECF No. 21-1 at 29-30), and the retainer agreement for the federal proceeding on March 19, 2024 (id. at 2-3). When counsel took on Plaintiff's case, there was no guarantee that they would be paid for their work, because an award of past-due benefits was not a certainty. And the Government did not agree to a stipulated remand of Plaintiff's case until after she filed her motion for judgment on the pleadings. Laden v. Comm'r of Soc. Sec., No. 17-CV-10050 (NSR) (AEK), 2022 WL 17828488, at *5 (S.D.N.Y. Nov. 3, 2022), adopted by, 2022 WL 17414356 (S.D.N.Y. Dec. 5, 2022) (reasoning that because "Plaintiff did not secure a remand until the issues were fully briefed before this Court," a "favorable outcome was uncertain"). This is therefore not a case "where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery." Fields, 24 F.4th at 856. The amount sought here thus appropriately reflects the risk borne by counsel and, consequently, this factor also weighs in favor of the fee request.

In short, all four factors weigh in favor of the fee request, and I therefore recommend approval of the fee award.

Moreover, although a fee award "may be made under both the EAJA and § 406(b)," the attorney "must refund to the claimant the amount of the smaller fee." Guzman v. Comm'r of Soc. Sec., No. 15-CV-3920 (VB) (LMS), 2019 WL 4935041, at *3 (S.D.N.Y. Aug. 1, 2019) (quoting Gisbrecht, 535 U.S. at 796) (cleaned up). Courts in this District have thus mandated that attorneys who obtain fees under both statutes "return the amount of such EAJA award to plaintiff out of the payment received under Section 406(b)." Id., (quoting Jackson v. Astrue, No. 09-CV-1290 (FB), 2011 WL 1868718, at *2 (E.D.N.Y. May 16, 2011)). I thus recommend that counsel be required to refund to Plaintiff the amount of $7,234.27 previously awarded under the EAJA. See ECF No. 18; ECF No. 20 at 4-5.

## CONCLUSION

For the reasons discussed herein, I recommend that Plaintiff's motion for attorney's fees be **GRANTED**, and counsel be awarded the sum of $29,349. Additionally, I recommend that any award be paid out of Plaintiff's past-due benefits, and, upon receipt of this sum, counsel should be required to refund the previously awarded EAJA fees of $7,234.27 to Plaintiff.

**SO ORDERED.**

DATED: New York, New York
August 18, 2026

VALERIE FIGUEREDO
United States Magistrate Judge

## PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

**Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. See also Fed. R. Civ. P. 6(a), 6(b), 6(d). A party may respond to any objections within 14 days after being served. Any objections and responses shall be filed with the Clerk of the Court. Any request for an extension of time to file objections or responses must be directed to the Honorable Margaret M. Garnett. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a), 6(b), 6(d); Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).**